UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN SINCLAIR,

                          Plaintiff,

     -against-                             9:07-CV-1317 (LEK/ RFT)

GLENN GOORD and JOHN DOE,

                          Defendants.
_____

**MEMORANDUM-DECISION AND ORDER**

     Plaintiff filed the instant Complaint on December 18, 2007, pursuant to 42 U.S.C. § 1983. Compl. (Dkt. No. 1). Plaintiff seeks damages and a declaratory judgment for alleged violations of his liberty as guaranteed by the Due Process Clause of the Fourteenth Amendment, due to Defendants' administrative addition of three years of post-release supervision to his court-imposed sentence. See generally id. Plaintiff also seeks to certify this lawsuit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. See id. ¶¶ 22-30. Presently before the Court is a Motion to dismiss filed by Defendant Glenn Goord. Mot. (Dkt. No. 9). For the reasons described below, the Motion is granted and the case is dismissed.

**I.     BACKGROUND**

     On August 7, 2001, Plaintiff was sentenced by the Supreme Court, Kings County, to a determinate term of three and a half years for assault in the second degree and an indeterminate term of one to three years for rape in the third degree, the sentences to run concurrently. Compl. ¶ 6. On February 18, 2004, the New York State Department of Correctional Services ("DOCS")

administratively added a three-year period of post-release supervision to Plaintiff's sentence. Id. ¶ 9.

On February 19, 2004, Plaintiff was released by DOCS to the custody of the New York State Division of Parole to begin serving his three-year period of post-release supervision. Compl. ¶ 10. On January 16, 2005, the Division of Parole declared Plaintiff delinquent and returned him to DOCS custody for violating the terms of his post-release supervision. Id. ¶ 11. On April 9, 2005, Plaintiff was restored to post-release supervision. Id. ¶ 12. On December 26, 2005, Plaintiff was again declared delinquent for violating the terms of his post-release supervision, based upon an assault charge. Id. ¶ 13. He was held in the custody of the Ulster County Jail for approximately one year, after which he pled guilty to assault in the third degree and was sentenced to a term of time served. Id. On December 21, 2006, Plaintiff was returned to DOCS custody as a post-release supervision violator. Id. ¶ 14. Based upon the administratively imposed three-year period of post-release supervision, DOCS recalculated his maximum expiration date as October 18, 2007. Id.

In early 2007, Plaintiff filed a petition for a writ of habeas corpus in the Supreme Court, Duchess County, challenging the imposition of the three-year period of post-release supervision by DOCS. Compl. ¶ 15. On July 9, 2007, that court granted Plaintiff's petition for the writ and directed DOCS to release him from custody pursuant to N.Y.S. C.P.L.R. § 7010(a). Id. ¶ 16. The court found that "a period of post-release supervision never was and is not now a part of [Plaintiff's] sentence" and that "[b]ut for the administrative addition by DOCS of a period of post-release supervision, [Plaintiff] ha[d] served the sentence imposed and [was] incarcerated beyond his maximum expiration date." Id. ¶ 16. Plaintiff was released from DOCS custody on July 23, 2007. Id. ¶ 17.

Defendant Goord was the Commissioner of DOCS when DOCS administratively added to Plaintiff's sentence. Compl. ¶ 2. Defendant John Doe "is any other official responsible for DOCS' policy or practice, during the proposed class period, of administratively adding periods of post-release supervision to prisoners' court-imposed sentences." Id. ¶ 3.

Plaintiff's Complaint seeks certification of this lawsuit as a class action, the proposed class consisting of "each and every individual who has been released from the custody, supervision, and/or control of DOCS and/or the NYS Division of Parole after having served a period of post-release supervision administratively added by DOCS to his or her original court-imposed sentence." Compl. ¶ 23. Plaintiff seeks compensatory and punitive damages as well as a declaratory judgment that Defendants' manner of administratively adding periods of post-release supervision to Plaintiff's and other class members' court-imposed sentences violated their rights to due process under the Fourteenth Amendment.

On April 7, 2008, Defendant Goord filed the instant Motion to dismiss the Complaint, pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, on the following grounds: that Plaintiff's damages claim should be dismissed because Goord is entitled to qualified immunity; that Plaintiff's claim fails to state a cause of action against Goord as there is no allegation that Goord was personally involved in the alleged constitutional deprivation; that Plaintiff's request for declaratory relief should be denied since he lacks standing to seek such relief, his request is moot, would have no practical effect, and is barred by the Eleventh Amendment; and that the action is barred by the applicable statute of limitations. See Def.'s Mem. in Support (Dkt. No. 9, Attach. 1).

**II.    STANDARD OF REVIEW**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a district court must accept the allegations made by a plaintiff in her complaint as true, and "draw all inferences in the light most favorable" to her. In re NYSE Specialists Securities Litigation, 503 F.3d 89, 95 (2d Cir. 2007). However, the court "need not accord '[l]egal conclusions, deductions or opinions couched in factual allegations'" this same presumption of truth. Id. at 95 (quoting United States v. Bonanno Organized Crime Family of La Cosa Nostra, 879 F.2d 20, 27 (2d Cir. 1989)). A complaint should be dismissed on a motion brought pursuant to Rule 12(b)(6) only where the plaintiff has failed to provide some basis for the allegations that support the elements of his or her claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964–69, 1974 (2007).

## III.   DISCUSSION

### A.   Plaintiff's Damage Claim is Barred by Qualified Immunity[1]

The doctrine of qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (citations omitted). When analyzing whether a defendant is entitled to qualified immunity, a court must first determine whether, based upon the facts alleged, the plaintiff has facially established a constitutional violation. Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 211 (2d Cir. 2003). If so, the court must then determine whether the right in issue was clearly

---

[1] Plaintiff's Complaint does not specify whether his claim for damages is brought against Goord in his official or individual capacity. However, the Court assumes that the claim is brought against Goord in his individual capacity, as state officers in their official capacities are not amenable to suits for damages under § 1983. Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989).

established at the time of the alleged violation.  Id. (citing Saucier v. Katz, 533 U.S. 194, 201-02 (2001), *overruled on other grounds by* Pearson v. Callahan, 129 S.Ct. 808 (2009)); Poe v. Leonard, 282 F.3d 123, 133 (2d Cir. 2002).  Finally, if the plaintiff had a clearly established, constitutionally protected right that was violated, he or she must demonstrate that it was not objectively reasonable for the defendant to believe that his action did not violate such law.  Harhay, 323 F.3d at 211; Poe, 282 F.3d at 133 (quoting Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir.1998)).

Here, Plaintiff has facially established a deprivation of his right to liberty as guaranteed by the due process clause of the Fourteenth Amendment–specifically, the right to be free from any administrative addition to his judicially-imposed sentence.  See Earley v. Murray, 451 F.3d 71 (2d Cir. 2006).  Thus, the Court must determine whether that right was clearly established at the time of the alleged violation, because if not, Goord is entitled to qualified immunity.

For qualified immunity purposes, "[a] right is clearly established if (1) the law is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has recognized the right, and (3) 'a reasonable defendant [would] have understood from the existing law that [his] conduct was unlawful.'"  Anderson v. Recore, 317 F.3d 194, 197 (2d Cir. 2003) (quoting Young v. County of Fulton, 160 F.3d 899, 903 (2d. Cir. 1998)).  The Supreme Court has noted that

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful . . . but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

Anderson v. Creighton, 483 U.S. 635, 640 (1987) (internal citations omitted).  Whether or not a right was clearly established at the time of the government official's conduct is a question of law.  Kerman v. City of New York, 374 F.3d 93, 108 (2d Cir. 2004) (citations omitted).

Relying upon Earley, Plaintiff argues that his right to be free from any administrative addition to his judicially-imposed sentence was clearly established at the time that DOCS added to his sentence. However, this argument is unavailing, for the reasons explained below. In Earley, a prisoner brought a habeas corpus petition, challenging the administrative addition by DOCS of a five-year term of post-release supervision to his sentence. 451 F.3d at 72. Relying on the Supreme Court's 1936 decision in Hill v. United States ex rel. Wampler, 298 U.S. 460 (1936), the Earley court held that any addition to a sentence, including post-release supervision, beyond that imposed by a judge would violate a defendant's due process rights. 451 F.3d at 74-75.

As Earley involved a habeas petition challenging a state court judgment, the court concluded that "[t]he state court's determination that the addition to Earley's sentence by DOCS was permissible is therefore contrary to clearly established federal law as determined by the United States Supreme Court" for purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d).[2] 451 F.3d at 76. However, the requirement that law be clearly established for AEDPA purposes is doctrinally distinct from the requirement that law be clearly established for purposes of qualified immunity. The plurality opinion of the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000) noted this doctrinal distinction in a footnote:

> We are not persuaded by the argument that because Congress used the words "clearly established law" [in AEDPA] . . . it meant in this section to codify an aspect of the doctrine of executive qualified immunity . . . We will not assume that in a single subsection of an amendment entirely devoted to the law of habeas corpus, Congress made the anomalous choice of reaching into the doctrinally distinct law of qualified immunity for a single phrase

---

[2] Under AEDPA, a petition for a writ of habeas corpus that challenges a state court judgment "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1).

6

> that just so happens to be the conceptual twin of a dominant principle in habeas law of which Congress was fully aware.

529 U.S. at 380 n.12 (plurality opinion). The Second Circuit has also noted this distinction in dicta. See, e.g., Walczyk v. Rio, 496 F.3d 139, 170 n.7 (2d Cir. 2007); U.S. v. Brown, 352 F.3d 654, 665 n.9 (2d Cir. 2003); Sellan v. Kuhlman, 261 F.3d 303, 309 (2d Cir. 2001).

The Fifth Circuit analyzed the distinction this way:

> Habeas law and the law of qualified immunity are "doctrinally distinct." [citing Williams v. Taylor]. For qualified immunity purposes, law is clearly established if it would be clear to a reasonable official that her conduct was unlawful in the situation she confronted. For AEDPA purposes, clearly established federal law is "whatever would qualify as an old rule under [Teague v. Lane, 489 U.S. 288, 301 (1989)]" as long as the old rule was decided by the Court. . . The two standards thus require distinct analyses and cannot be conflated merely because they employ common terminology.

Coleman v. Dretke, 409 F.3d 665, 668 (5th Cir. 2005) (other internal citations omitted); see also Williams v. Ballard, 466 F.3d 330, 334 (5th Cir. 2006) ("While [plaintiff's] right may have been 'clearly established' under AEDPA . . . it was not 'clearly established' such that defendants should be subjected to liability for their reasonable belief in the legality of their actions."); Bell v. Jarvis, 236 F.3d 149, 161 n.8 (4th Cir. 2000) ("[U]nlike in the doctrinally distinct area of qualified immunity, [court of appeals] decisions in federal habeas cases do not create 'clearly established' law for state courts deciding future habeas cases.").

Thus, the Second Circuit's decision in Earley does not address the issue of whether, for purposes of qualified immunity, Plaintiff's right to be free from the administrative addition of post-release supervision to his sentence was clearly established at the time that DOCS added to his sentence. The Court concludes that at the time of the relevant conduct– February 2004–that right was not clearly established for qualified immunity purposes; or in the alternative, that it was objectively reasonable for Defendant to believe that his action did not violate the law.

7

Plaintiff argues that "the Supreme Court's holding in Wampler made it abundantly clear to any reasonable person in Goord's position that his decision to systematically impose periods of [post-release supervision], rather than to move the sentencing courts to correct their omissions, violated federal constitutional law." Pl.'s Mem. in Opp'n at 6 (Dkt. No. 11). In support of this argument, Plaintiff relies heavily upon the Second Circuit's interpretation of Wampler in Earley, which was not decided until 2006. However, whether the law was clearly established must be evaluated at the time of the conduct at issue, Harhay, 323 F.3d at 211 (citing Saucier, 533 U.S. 194, 201-02), and not in reference to any subsequent judicial interpretation of the law at the time of that conduct. Cf. Harlow, 457 U.S. at 818 ("If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to "know" that the law forbade conduct not previously identified as unlawful.").

In Wampler, a habeas petitioner challenged a provision inserted into his sentence by the clerk of the court–but not pronounced by the judge at sentencing–that would keep the prisoner committed even after the expiration of his sentence if he failed to pay the fine and costs included in his sentence. 298 U.S. at 461-62. The Supreme Court held that this provision inserted by the clerk was void. Id. at 467. There is certainly language in Wampler which, at first blush, supports Plaintiff's argument: "The choice of pains and penalties, when choice is committed to the discretion of the court, is part of the judicial function. This being so, it must have expression in the sentence, and the sentence is the judgment. . . The only sentence known to the law is the sentence or judgment entered upon the records of the court." 298 U.S. at 464 (citations omitted). However, there is a significant difference between the source of authority relied upon by DOCS in the instant case and by the clerk in Wampler. DOCS acted pursuant to a state statute when it added to

8

Plaintiff's sentence. See N.Y. Penal Law § 70.45(1), (2) (1998) (since amended) (discussed further *infra*). By contrast, the clerk in Wampler acted pursuant to unwritten instructions by the judge, the Supreme Court noting that such instructions "were not published; they were not reduced to writing; they are lacking in the formal safeguards that protect against mistake and perhaps against oppression." 298 U.S. at 465 (citations omitted). Given these different factual contexts and the statutory basis for Defendant's action, the Court concludes that Wampler did not specify with reasonable clarity that the administration addition to Plaintiff's sentence would violate his clearly established due process rights. See McCullough v. Wyandanch Union Free School Dist., 187 F.3d 272, 278 (2d Cir. 1999) (To assess whether a right is clearly established for qualified immunity purposes, "[t]he question is not what a lawyer would learn or intuit from researching case law, but what a reasonable person in the defendant's position should know about the constitutionality of the conduct. The unlawfulness must be apparent.").

In the alternative, even if Plaintiff's right to be free from any administrative addition to his sentence was clearly established by Wampler, a reasonable defendant in Goord's position would not have understood that his action was unlawful and thus, Goord is entitled to qualified immunity. "'[A]bsent contrary direction, state officials . . . are entitled to rely on a presumptively valid state statute . . . until and unless [the statute] is declared unconstitutional . . . with the possible exception of a law so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaw." Vives v. City of New York, 405 F.3d 115, 117 (2d Cir. 2005) (quoting Connecticut ex rel. Blumenthal v. Crotty, 346 F.3d 84, 102-03 (2d Cir. 2003)). Plaintiff's determinate sentence was for assault in the second degree, which is a class D felony in New York. N.Y. Penal Law § 120.05. At the time that DOCS administratively added post-release supervision

to Plaintiff's sentence, section 70.45(1) of the New York Penal Law provided that "Each determinate sentence also includes, as a part thereof, an additional period of post-release supervision." N.Y. Penal Law § 70.45(1) (1998) (since amended). Section 70.45(2) provided that

> The period of post-release supervision for a determinate sentence shall be five years, except that such period shall be three years whenever a determinate sentence of imprisonment is imposed pursuant to section 70.02 of this article upon a conviction for a class D or class E violent felony offense; provided, however, that when a determinate sentence is imposed pursuant to section 70.02 of this article, the court, at the time of sentence, may specify . . . a shorter period of post-release supervision of not less than one and one-half years upon a conviction for a class D or class E violent felony offense.

N.Y. Penal Law § 70.45(2) (1998) (since amended).

Thus, pursuant to the New York Penal Law at the time of Plaintiff's sentencing, a three-year period of post-release supervision was automatically a part of his sentence unless the sentencing judge specified a shorter period of not less than one and one-half years. As the judge did not address post-release supervision at Plaintiff's sentencing, DOCS–in accordance with the directive in section 70.45(2)–added a period of three years of post-release supervision to his sentence.

Defendant was entitled to rely on the New York Penal Law, and did so when adding a term of post-release supervision to Plaintiff's sentence. Even if the statutory provisions upon which Defendant relied were in conflict with Wampler, these provisions cannot be regarded as "so grossly and flagrantly unconstitutional" that any reasonable person in Goord's position would have seen their flaws. Vives, 405 F.3d at 117 (quoting Blumenthal, 346 F.3d at 103.). Judicial interpretation of section 70.45 prior to February 2004 would not have led a reasonable person to doubt the constitutionality of the statute. Numerous New York Appellate Division decisions had affirmed that, even where the sentencing judge failed to specify a period of post-release supervision at sentencing, section 70.45 operated to automatically add post-release supervision to the determinate

10

sentence imposed by the court.  See, e.g., People v. Melio, 304 A.D.2d 247, 760 N.Y.S.2d 216 (2d Dept. 2003); People v. Crump, 302 A.D.2d 901, 753 N.Y.S.2d 793 (4th Dept. 2003), *overruled by* People ex. rel. Burch v. Goord, 48 A.D.3d 1306, 853 N.Y.S.2d 756 (4th Dept. 2008); People v. Lindsey, 302 A.D.2d 128, 755 N.Y.S.2d 118 (3d Dept. 2003); People v. White, 296 A.D.2d 867, 744 N.Y.S. 2d 924 (4th Dept. 2002); People v. Bloom, 269 A.D.2d 838, 703 N.Y.S.2d 763 (4th Dept. 2000).

Since the mechanism by which the statutory scheme operated had been affirmed numerous times by New York courts, the Court fails to see how it was objectively unreasonable for Defendant to have acted in conformity with the statute.  The fact that judicial decisions rendered in the years following Defendant's conduct determined that the law was not constitutional, or that the statute was subsequently amended, does not affect the reasonableness of Defendant's belief that he was acting in conformity with the law at the time he acted.

The Court also finds unavailing Plaintiff's argument that because Earley has since made clear that prison administrators lack authority to add post-release supervision to a prisoner's sentence, Goord cannot invoke qualified immunity because his conduct fell outside the scope of his official duties.  While defendants can only claim entitlement to qualified immunity for conduct that falls within the scope of their official duties, courts should not

> treat[] the permissibility or legality of the challenged official action as the determinant of the scope of employment question. . . [A]nalyzing the scope of employment issue in this manner would effectively eliminate the qualified immunity defense, because any wrongful conduct would, *eo ipso*, be beyond the scope of the defendant's authority.

Shechter v. Comptroller of City of New York, 79 F.3d 265, 268-69 (2d Cir. 1996) (citations omitted).

Given that at the time of the relevant conduct, section 70.45 acted to automatically add a

11

period of post-release supervision to any determinate sentence imposed by a sentencing judge, the Court fails to see how it was outside the scope of the duties of prison administration officials to administratively add post-release supervision to Plaintiff's sentence.[3]

Because the Court concludes that Goord is entitled to qualified immunity on Plaintiff's damages claim, the Court need not address whether the complaint sufficiently alleges Goord's personal involvement in the constitutional deprivation.

Finally, Plaintiff's Complaint also names "John Doe" as Defendant. Plaintiff identifies John Doe as "any other official responsible for DOCS' policy or practice, during the proposed class period, of administratively adding periods of post-release supervision to prisoners' court-imposed sentences." Compl. ¶ 3. As any John Doe Defendant is therefore a state official, any such unspecified officials are also entitled to qualified immunity for their actions relevant to the administrative addition to Plaintiff's sentence.

**B.    Plaintiff's Request for Declaratory Relief Must Be Denied**

In addition to damages, Plaintiff also seeks a declaratory judgment "that the defendants' manner of administratively adding periods of post release supervision to plaintiff's . . . court-imposed sentence[] violated [his] rights to due process under the Fourteenth Amendment[.]" Compl. at 7. In his response in opposition to Defendant's Motion, Plaintiff asserts that by

---

[3] Plaintiff argues that New York Court of Appeals decisions issued in the wake of Earley, including Garner v. DOCS, 10 N.Y.3d 358, 889 N.E.2d 467 (N.Y. 2008) and People v. Sparber, 10 N.Y.3d 457, 889 N.E.2d 459, 859 N.Y.S.2d 582 (N.Y. 2008), confirm that sentencing is a uniquely judicial function and thus, Goord was acting outside the scope of his duties when DOCS administratively added to Plaintiff's sentence. However, the Court must analyze Goord's conduct against the legal backdrop at the time of his actions. Given the state of New York law in February 2004 (see discussion *supra*), Goord was clearly acting within the scope of his duties when he followed the statutory mandate and added a period of post-release supervision to Plaintiff's sentence.

requesting this declaratory judgment, he is seeking "a retrospective finding of liability sufficient to support an award of compensatory or punitive damages." Pl.'s Mem. in Opp'n at 11.

The Eleventh Amendment bars retrospective declaratory relief against state officials where there is "no claimed continuing violation of federal law" or no "threat of state officials violating the repealed law in the future." Green v. Mansour, 474 U.S. 64, 73 (1985); see Ward v. Thomas, 207 F.3d 114, 120 (2d Cir. 2000). However, Plaintiff argues that his request for a declaratory judgment is not barred by the Eleventh Amendment, as "Plaintiff is not seeking retrospective declaratory relief against the State of New York or against Goord in his official capacity. He is seeking an award of damages against Goord in his individual capacity . . . ." Pl.'s Mem. in Opp'n at 13. Yet as analyzed above, Goord is entitled to qualified immunity on any claim for damages against him. Thus, a declaratory judgment of Goord's liability for damages is foreclosed by the Court's determination that Goord cannot be held liable due to qualified immunity. Cf. PeTA, People for the Ethical Treatment of Animals v. Rasmussen, 298 F.3d 1198, 1203 n.2 (10th Cir. 2002) ("[W]e consider declaratory relief retrospective to the extent that it is intertwined with a claim for monetary damages that requires us to declare whether a past constitutional violation occurred. In such a situation, however, declaratory relief is superfluous in light of the damages claim.") (internal quotations and citations omitted); Bowman v. Commonwealth of Pennsylvania Dept. of Corrections, 2006 WL 42091, *3 (M.D.Pa. Jan. 6, 2006) ("Because plaintiff seeks a declaratory judgment that only addresses retrospective actions, plaintiff's request is superfluous in light of the damages claims that he has brought . . . .").

Finally, as the Court is dismissing Plaintiff's claim for damages and injunctive relief, Plaintiff lacks standing to represent a class. Thus, Plaintiff's request to certify this case as a class

action is also denied.  See Russo v. City of New York, 2003 WL 1571707, *2 (S.D.N.Y. Mar. 26, 2003) ("[T]here is no claim against [defendant] for either damages or injunctive relief.  It follows that plaintiff cannot represent a class of other persons in asserting any claims in this case against [defendant]."); see also Norman v. Connecticut State Board of Parole, 458 F.2d 497, 499 (2d Cir. 1972) ("[A] named plaintiff cannot bring suit for a class of which he is not a part . . . ." (citing Bailey v. Patterson, 369 U.S. 31, 32-33) (1962)).

## IV.   CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant Goord's Motion to dismiss (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED**, that the case is **DISMISSED in its entirety**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**.


DATED:  March 10, 2009
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge